# Conley's Appeal.
# Ensworth and Moore's Appeal.

1. Warner, having a lien upon land, agreed to sell it to Ensworth for notes secured by judgments on other lands of Ensworth, payable at distant dates, the lien to be assigned to Ensworth when the notes were paid: and to remain in Warner as security till then. The land was sold under another lien before all the notes were due. *Held*, that Warner was entitled to receive the amount due on them out of the proceeds of sale, notwithstanding he had additional security for them.

2. The agreement was a contract to sell, and not a sale of the lien, and the payment of the consideration was to precede the transfer.

3. When the land was sold, Warner, as legal holder of the lien, was entitled to receive the money, as in other cases where the land is sold before the liens are due.

THESE were appeals from the decree of the Court of Common Pleas of *Centre county*, distributing the proceeds of sale of the land of William Underwood.

One was by Conley, the sheriff, who had the money in his hands, and the other by Ensworth and Moore, claiming the money against Warner's executors. Underwood was the owner of a large tract of land, much encumbered. Some of the liens were judgments to a large amount, due Joseph Warner's estate. Proceedings having been commenced on a judgment anterior to Warner's, Ensworth and Moore purchased the land from Underwood, and also purchased Warner's judgments for $30,000, payable in seven notes of Ensworth for $20,000 in the whole, with interest, at different periods, the last on June 1st 1869, and one note from

2 P. F. SMITH—30

Moore for $10,000, payable, with interest, at different periods, the last on November 1st 1868, for which Warner's executor gave the following receipt:—

"Received, May 3d 1864, of L. A. Ensworth and A. C. Moore; the aforesaid described eight judgment-notes, which, when paid, will be in full payment for the two judgments against William Underwood within stated, debt and interest now due and hereafter to become due, and also to make a deed to the said Ensworth and Moore for the tract of land in Rush township, commonly called the Joseph North tract, when said judgment-notes are fully paid. When all the notes are paid in full the plaintiffs, executors of Joseph Warner, deceased, will assign and transfer the two judgments against William Underwood formally to the said Ensworth and Moore, their heirs and assigns, but to be revived and collected at their own risk and expense. The two judgments are to remain in the names of the present plaintiffs for their security until all the aforesaid judgment-notes are paid. If the said Ensworth and Moore fail to pay one of the notes for the period of sixty days after it becomes due and payable, the said executors may, if they see proper, treat all the aforesaid judgment-notes as payable at the expiration of the said sixty days, and may, if they will, then collect all the notes in the same manner as if they had been made payable at that time, and the executors may also, if they will, then have sold any land of William Underwood, the defendant, under the judgments or either of them. If from any unforeseen cause the said Ensworth and Moore should pay part of the aforesaid judgment-notes, and be unable to pay the whole of them, and the plaintiffs have the lands of Underwood, the defendant, known as the Beaver Mill lands, sold, and that land is bought by any person other than the plaintiffs, and the plaintiffs receive from the proceeds of such sale the full sum of their two judgments, principal and interest, then they will return to Ensworth and Moore what they may have paid, with interest thereon from the time of payment. The plaintiffs in said judgments will not proceed against the Beaver Mill lands for any other debt they may have against the said Underwood, except only these two judgments. The said Ensworth and Moore may at any time they see proper pay all the aforesaid judgment-notes as if they were then due and payable, and the executors will then accept the money with interest to the time of payment."

In pursuance of the agreement at the time of sale of Warner's judgments, judgments were entered upon the notes in Lycoming county, and became liens upon lands of Ensworth and Moore there.

The court decreed that $15,207.50 should be paid to Warner, the amount due him on Ensworth's notes, and $5782.54, the amount due on Moore's notes.

This decree was assigned for error.

[Ensworth and Moore's Appeal.]

*E. & E. Blanchard* and *W. H. Armstrong,* for appellants.—
The contract is to be.construed so as best to effectuate its object:
Wright *v.* Smyth, 4 W. & S. 533. This is an effort of Warner to
obtain his money before it is due. A judgment may be sold by
parol: Levering *v.* Phillips, 7 Barr 389; Willard's Equity 426,
462; Story's Eq. J., §§ 1047, 1055; Mohler's Appeal, 5 Barr
420; Fleming *v.* Beaver, 2 Rawle 132; Donley *v.* Hays, 17 S.
& R. 406. A contract partly executed is no longer executory as
to any part: Story on Cont., pp. 18, 810; 2 Pars. on Cont. 192;
Chitty on Cont., note O.

*McAllister & Beaver,* for appellee.

The opinion of the court was delivered, June 20th 1866, by

Agnew, J.—The title of Ensworth and Moore to the judgment
of Warner's Executors *v.* Underwood was not founded upon any
actual assignment, but rests on a written receipt for sundry notes
representing the consideration to be paid, containing an agree-
ment to transfer the judgments upon the full payment of the notes.
The agreement is express that the assignment shall not be for-
mally made until they are paid in full, and that in the mean time
the judgments shall remain as a security for payment of the con-
sideration. It is very clear that this receipt and agreement are
only a contract to sell, and not an absolute sale; and so intended;
in order that the payment of the consideration should precede
the actual transfer. The case of the appellants depends, there-
fore, upon a title, not at law, but in equity. They have no right
to demand that the security, expressly agreed to be retained for
the payment, shall be relinquished; and the fact that a lien was
taken on the lands in Lycoming county as an additional security,
does not strengthen their demand to surrender the principal
security.

The real estate upon which the security for the payment of the
Warner judgments rested was converted into money, not by the
act of the appellees, but by that of a third party having a legal
right to sell it. When the fund was brought into legal custody
for distribution, the legal right of Warner's executors still inhered
in it. Their judgments were entitled to their share of the fund.
The case stands precisely in the same condition in which every
instance of conversion does, requiring the fund representing the
estate to be awarded to the owner of the liens, notwithstanding
the day of payment has not arrived; and justice is effectuated by
a discount, if a discount be necessary. Here, however, the notes
bear interest, and nothing is to be done but to calculate interest
to the day of sale. Both law and equity require that the fund
to the extent of the unpaid sum should be paid over to those who
retain both the legal title and the equitable right to receive it, to

[Ensworth and Moore's Appeal.]

that extent, as the security for the consideration of the contract to assign on full payment being made. Beyond this sum, however, the title in equity is in Ensworth and Moore, and the law will therefore treat it as actually vested.

Perceiving no error in the decree of the learned court below, it is accordingly affirmed; and the costs of the appeal are ordered to be paid by the respective appellants.